WILLIE VENN v. THE STATE.

No. 3897.   Decided January 12, 1916.

1.—Local Option Law—Alibi—Charge of Court.

Where, upon trial of a violation of the local option law, the evidence raised the issue of an alibi, the court should have submitted a requested instruction thereon, and a failure to do so was reversible error.

Vol. 78 Crim.-35

**2.—Same—Argument of Counsel—Practice on Appeal.**

Where the judgment is reversed and the cause remanded upon other grounds, objections to the argument of counsel need not be considered.

**3.—Same—Evidence—Corroborating Witness.**

Where, upon trial of a violation of the local option law, the State, in order to corroborate its witness who testified to the purchase of the alleged liquor, introduced the testimony of the foreman of the grand jury as to what said witness had sworn to before the grand jury, the same was reversible error.

**4.—Same—Evidence—Matter Brought Out by Defendant.**

Where defendant objected to certain testimony about drinking and drunkenness which was really irrelevant, he could, nevertheless, not object to a cross-examination of his witness on this matter.

**5.—Same—Irrelevant Testimony—Matters Drawn Out by Defendant.**

Where defendant brought out the matter that the prosecuting witness had forfeited an attachment bond in another case and had run off, there was no error in permitting State's counsel to have the witness explain that he was afraid of some of the characters he was dealing with and that this was the reason of his running away and forfeiting his attachment bond.

**6.—Same—Evidence—Matters Drawn Out by Defendant.**

Where defendant had drawn out the matter that the sheriff, at the time he arrested defendant, had in his possession a warrant for the defendant in another felony case, etc., and the State was permitted to cross-examine. witness thereon, there was no reversible error.

**7.—Same—Rule Stated.**

Where one party brings out a fact, whether legitimate or not, and it is permitted to go before the jury, the other side may break the force of that as best he may.

**8.—Same—Insufficiency of the Evidence.**

See opinion where the judge who wrote the same expressed a doubt as to the sufficiency of the evidence to sustain a conviction.

Appeal from the County Court of Upshur. Tried below before the Hon. W. H. McClelland.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Sanders & Florence,* for appellant.—On question of alibi: Arismendis v. State, 60 S. W. Rep., 47; Harper v. State, 98 S. W. Rep., 839; Tijerina v. State, 74 S. W. Rep., 913; Colbert v. State, 52 Texas Crim. Rep., 486, 107 S. W. Rep., 1115.

Upon question of corroboration of witness: McKnight v. State, 95 S. W. Rep., 1056; Kirksey v. State, 58 Texas Crim. Rep., 188, 125 S. W. Rep., 15.

On question of character of witness: Guajardo v. State, 7 S. W. Rep., 331; Johnson v. State, 17 Texas Crim. App., 565; Maxwell v. State, 78 S. W. Rep., 516.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

He introduced testimony showing clearly an alibi. The State's evidence was made by a witness who stated that he had bought whisky from appellant at Union Grove about 8:30 or 9 o'clock in the morning. Appellant proved by several witnesses that at that time he was at another place several miles distant, some of whom went with him from his home to the point designated, and by other witnesses who were on the ground at that point. There seems to have been picnic occasions at both points, these places being three or four miles apart. Appellant's alibi covers practically from 8 o'clock in the morning until 4 o'clock in the evening. The matter was properly presented, and special requested instructions presenting the alibi were refused. The matter is timely and properly reserved and presented. This was error. This was his main defense. Of course, the other matter was in the record that he did not sell because of the fact he was not at the place where the sale is said to have occurred. This charge should have been given.

A bill of exceptions was reserved to the remarks of the county attorney in his closing argument. This should not have occurred and will not, we suppose, upon another trial, and is, therefore, not discussed.

Another bill recites that while Ferrell was testifying he stated that he was foreman of the grand jury, and that Weaver, the State's purchasing witness, testified before that body; that the grand jury was trying to induce him to tell about buying whisky from bootleggers and if he had bought from certain parties. Witness first stated he did not remember. Finally, after being pressed, he said he bought whisky but would not tell from whom. The witness was then carried before the district judge and finally, sent to jail. After spending two days and nights in jail he was brought before the grand jury and then told of several instances where he had bought whisky. These sales were by several different persons, one of which was the quart he bought from appellant at Union Grove. The witness says, "We did not force him, or lead him to tell it. In fact, I was surprised when I learned he had bought whisky from the defendant. We were not inquiring of him of sales made by the defendant." Various and sundry objections were urged to all this. This testimony, we think, was not admissible. This witness could not be corroborated in this manner. This question was suggested by the bill of exceptions. Upon another trial this testimony should not be permitted to go to the jury.

Another bill recites Mr. Bennett testified there was a great deal of drinking and drunkenness in and around Union Grove that day, meaning the time and place of the alleged sale. Various objections were urged to this. The court approves this with the explanation that the testimony of Ben White with reference to the same matter had been adduced by defendant as well as defendant in direct examination of the witness Bennett, and all this matter should not have gone before the jury, but inasmuch as the defendant first introduced the matter, we are of opinion that the bill does not show reversible error.

Another bill recites that the prosecuting witness, Weaver, was asked by defendant if he did not run off and forfeit his attachment bond in a District Court case growing out of some cases "turned in by him" before the grand jury, whereupon the county attorney asked this question: "Why did you run off and forfeit your attachment bond as a witness?" Witness answered, "Because I was afraid of some of the characters I was dealing with." Under the decisions it seems that this testimony, having been brought out by the defendant, or the fact, rather, that he ran away and forfeited his attachment bond in regard to a District Court case, would justify the county attorney in inquiring into the reasons why he forfeited such attachment bond. It seems it did not apply to this case, but the defendant elicited the fact that witness had forfeited this attachment bond. We are under the impression that under such circumstances the county attorney would be entitled to prove by him why he forfeited the bond. The matter had nothing to do with this case in any way, but inasmuch as the defendant brought out the matter, it became the subject of cross-examination by the State.

Another bill recites that by the witness Buie, sheriff of Upshur County, the State was permitted, over the objection of appellant, to show that at the time he arrested appellant in this case he had in his possession a warrant for the defendant for about two years in a felony case against him; that he also had the warrant in the felony case at the time the county attorney and others shot at Venn when he ran from the officers, but he was constantly on the dodge was the reason he had not arrested him. The court explains this bill by stating that this evidence was first introduced by defendant, and the testimony here complained of was admitted on redirect examination. It would seem that under this statement there was no error. Where one party brings out a fact, whether legitimate or illegitimate, and it is permitted to go before the jury, the other side may break the force of that as best he may. Much of this testimony was inadmissible, but as presented by the bill of exceptions and explained by the court it seems not to present reversible error.

It occurs to the writer that the testimony is hardly sufficient to convict, but he does not care to enter into a discussion of the matter or state the evidence. Appellant, if the various witnesses can be believed, was not at Union Grove gathering at the time indicated by the State's witness Weaver. If he had been at Union Grove at that time someone ought to have seen him besides this witness. There are several witnesses who testify positively that he was not at Union Grove, and had gone from his home to Mineral Springs and spent the day, arriving there about 8:30 in the morning, or about that time, and was seen by various parties there during the day and as late as 4 o'clock in the evening in swimming. Those witnesses who accompanied him from his home to Mineral Springs testify that he had no whisky; they were horseback and they saw no evidence of his having any whisky, and

none was exhibited by him during the day. They exclude the fact that he was at Union Grove. This is the opinion of the writer.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*