## EDGAR H. REDDING V. STATE

No. 27,213. December 1, 1954
Rehearing Denied January 26, 1955

*Reid & Reid,* by *J. W. Reid,* Abilene, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is a conviction for unlawfully operating an automobile upon a public highway while intoxicated; the punishment, six months in jail and a fine of $100.

The state's proof shows that appellant was operating an automobile upon a public highway while intoxicated at the time and place as charged.

Appellant did not testify but offered Thomas J. King, who testified that they had been drinking wine and that appellant was driving until they picked up a hitch-hiker about sixty miles from where they had trouble with the automobile, and that the hitch-hiker drove after he was with them. He further stated while on direct examination that he was arrested, placed in jail and that the officers took him before the court the

next morning; that "They did not fine me for drunkenness, * * * they said I was drunk, but the judge did not fine me or make me pay a fine. * * * I was not drunk but I had been drinking."

The state offered the testimony of Henry F. Long, Justice of the Peace, in rebuttal of witness King's testimony in regard to what occurred when he appeared before him as justice of the peace, and he testified: "I know Thomas J. King, he was brought before my court on a charge of drunkenness * * *; I fined him for drunkenness. * * * I know that he was fined in my court for drunkenness and either paid the fine or went to jail to serve it out."

Appellant timely objected to the introduction of the above testimony by the witness Long on the ground that it would be impeaching the witness King on an immaterial issue, and was prejudicial in that it would cause the jury to not believe him on material issues concerning the guilt or innocence of the accused.

Appellant having proved on direct examination by the witness King certain matters that took place when he appeared in Long's court is not in position to complain of the state further showing what occurred at such time in regard to the same matters. Art. 728, Vernon's Ann. C.C.P.; Venn v. State, 78 Texas Cr. R. 545, 182 S.W. 315; Tischmacher v. State, 153 Texas Cr. R. 481, 221 S.W. 2d 258.

The evidence is sufficient to support the verdict of the jury.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant takes us to task for our disposition of his Bill of Exception No. 1 upon the authority of Article 728, V.A.C.C.P., and asks that we differentiate the case at bar from our relatively recent opinion in Ward v. State, 160 Texas Cr. Rep. 232, 268 S.W. 465. We shall attempt to do so. In the Ward case the appellant testified that he had never been involved in an accident.

He denied that he had had an accident in Winkler or Ward Counties. There was no proof that he had testified falsely. We held it reversible error for him to be asked on cross-examination if he had not paid a $200 fine in Ward County growing out of a wreck.

In the case at bar the witness King testified on direct examination by his counsel that he was carried before a justice of the peace charged with drunkenness but that he was not found guilty and fined on such charge. The state, in rebuttal, offered the justice of the peace before whom King appeared, who testified that in fact King had had a fine levied against him as a result of that charge.

In the Ward case we said, "Appellant admits that it would have been proper for the State to show, if they could, that contrary to appellant's claim, he in fact had been involved in an accident."

We think such statement presents an analogy to the case at bar. King testified that no fine had been assessed against him. The justice before whom he appeared testified to the contrary. The witness having gone into the matter of the fine, the state had the right to rebut his testimony by the person best qualified to do so. If we were in error in holding that Article 728 was controlling herein, it still remains axiomatic that where a witness testifies about a specific fact the opposing side may in rebuttal prove the falsity of such testimony.

Appellant next contends that we should discuss an informal bill of exception directed to a portion of the statement of facts which is in narrative form. Such consideration is not authorized by Article 759a, V.A.C.C.P.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.