FLOYD RAY JACKSON V. STATE

No. 27,577. May 25, 1955

*Henry Tirey* and *Joe McNicholas*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *James K. Allen* and *George P. Blackburn*, Assistants Criminal District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is rape; the punishment, death.

The prosecutrix, a thirty-year old married woman who resided in a rural section of Dallas County, testified that she responded to a knock at the front door on the morning in question and there found a colored man (whom she later learned to be one named Bennett), who told her that he was out of gasoline and indicated an automobile parked in the road a short distance away. She stated that she and Bennett proceeded to the rear of the house and went to the garage and then to the pump house in search of a container for the gasoline. She testified that while in the pump house she heard Bennett speaking to someone on the outside and became frightened; that she tried to leave but Bennett grabbed her, choked her, and told her that if she screamed again he would kill her; that he ripped off her clothes and opened his pants; that he tripped her and threw her on the floor, where he raped her. Prosecutrix stated that she saw the appellant standing in the doorway of the pump house, that as soon as Bennett completed his act of intercourse and as

she was trying to arise from the floor the appellant knocked her back down and raped her himself. She stated that after both men were through Bennett tied her with a piece of rope to a vise in the pump house, closed the door, and left, but that she was able to extricate herself from her bonds in a short time and got out of the pump house in time to see the men proceeding in the direction of the automobile on the highway. Prosecutrix testified that she immediately called the sheriff's office, and some deputy sheriffs were at her house within ten minutes.

It is with reluctance that the writer omits discussing what appears to him to be the excellent work of the Dallas sheriff's office as shown by this record. It would make informative reading for those interested in law enforcement, but, in view of subsequent testimony in this case, a recounting of the same is not necessary. Suffice it to say that the appellant was apprehended in the matter of a very few minutes a relatively short distance from the scene of the rape. Prosecutrix identified both her attackers at the scene of their arrest and later at a line-up. Prosecutrix was carried to a doctor for examination, and he testified as to her state of emotional shock, the bruises upon her body, and the presence of male sperm in her vagina.

The appellant, testifying in his own behalf, admitted accompanying Bennett to the scene of the rape and corroborated prosecutrix' testimony in every detail, except that he denied having had intercourse with her after Bennett got through and "told him to get some." While testifying, the appellant demonstrated a defiant attitude, refused to answer proper questions on cross-examination, and challenged the district attorney to send him to the electric chair if he could.

Appellant's confession, which was taken shortly after his arrest and which corroborates the testimony of the prosecutrix, was introduced without objection, and from the record we perceive no intimation of inadmissibility.

Bill of Exception No. 1 complains that state's objection was sustained to argument of appellant's counsel to the effect that Bennett was the aggressor. The court qualified the bill by refusing to certify that an objection was made or sustained. He certifies further that both attorneys for the appellant argued to the jury that Bennett had been the aggressor.

Appellant's able appointed attorney in his brief to this court contends that error is reflected by the prosecutor's cross-exam-

ination of the accused concerning how long he had served in the penitentiary on a prior conviction for burglary. It will be noted that on direct examination by his counsel the appellant admitted that he had been to the penitentiary for burglary and had served approximately seven months before his discharge. On cross-examination, the district attorney elicited from the appellant the fact that his sentence in the burglary case had been for three years. Appellant contends that, by showing the jury that it was possible for a convict to serve a three-year sentence in seven months, this constituted effective argument in favor of the death penalty and against life imprisonment. Even if we agreed with appellant's contention, we fail to find anything inadmissible about the evidence.

Bill of Exception No. 2 relates to a motion to quash the indictment. It charged that the offense was committed by means of force, threats and fraud, but failed to state that the injured party was not the wife of the accused.

The court qualified the bill by certifying that the case was submitted to the jury on the elements of force and threats, and not fraud.

In Palm v. State, 149 Texas Cr. Rep. 456, 195 S.W. 2d 354, this court held such an indictment need not negative such fact unless the female was mentally diseased or under the age of 18 years.

Finding no reversible error, the judgment of the trial court is affirmed.