Jur. 634, Sec. 297; Evers v. State, 32 Tex. Cr.R. 283, 22 S.W. 1019; Coleman v. State, 35 Tex.Cr.R. 404, 33 S.W. 1083; Webb v. State, Tex.Cr.App., 55 S.W. 493; May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.

**George McCLAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 28227.**

Court of Criminal Appeals of Texas.

April 4, 1956.

**Melvin D. MADDOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 28182.**

Court of Criminal Appeals of Texas.

April 4, 1956.

W. R. Sessions and D. N. McMahan, Dallas, for appellant.

Wesson Bartlett, Dist. Atty., Linden, Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for rape; the punishment, life imprisonment.

The prosecutrix, Mrs. Jewel Edwards, lived with her husband and five children in the Gravity Country about five miles from the town of Hughes Springs in Cass County.

Mrs. Edwards testified that, on the afternoon of May 9, 1955, while she was at her home with two of her children, a baby, and her daughter, Geraldine, six years of age, the appellant, walking on crutches, entered the house and asked for a drink of water; that, while they were standing in the kitchen, appellant asked her to have intercourse with him and told her to take off her clothes, which she refused to do; that he then grabbed a skillet and hit her over the eye; that they began to scuffle and fell to the floor, during which time appellant continued to beat her on the head; that, while she was on the floor, struggling and trying to get away, appellant pulled her clothes off; that she lost consciousness at times and at times would come to but did remember, and was positive, that appellant inserted his penis in her while she was on the floor.

Mrs. Edwards' daughter, Geraldine, who was present at the time, described the assault upon her mother and testified that, after the fight, and while her mother was on the floor, the appellant took her (the witness) from the house; put her in a car and drove to a bridge and stopped, and, after choking her, the appellant opened the door and threw her in the water and then drove away.

Appellant did not testify but offered testimony of witnesses to support his defensive theory that it was physically impossible for him to have raped the prosecutrix because of a stiffening in his right knee which had resulted from injuries he had received in an automobile collision.

The witnesses testified that, in the year 1953, he had been in a truck collision and sustained an injury to his right knee, and that, since the injury, he used crutches in walking. Two physicians, including the doctor who treated the appellant at the time of his injury, testified as to the stiffness in his right knee and expressed their opinion that any motion or weight upon the knee would cause pain. Appellant further offered the testimony of a witness who testified that, two days prior to the date of the alleged offense, she had sexual intercourse with the appellant; that in the act she had to help the appellant remove his clothes; and that in the act she had to make all the movements; and that appellant complained about his leg hurting.

Appellant insists that the court erred in permitting the prosecutrix' daughter, Geraldine, to testify as to the appellant taking her in the car from the home after the assault upon her mother and choking her and throwing her out of the car into the water at the bridge.

Appellant objected to the child's testimony and other testimony as to her condition when found, on the ground that it was not a part of the res gestae and related to something that took place out of the presence of the prosecutrix.

We find no error in the admission of this testimony. Proof that appellant carried the child away from the scene and choked her and threw her in the water was admissible as showing an effort on his part to suppress and destroy evidence against him. Love v. State, 35 Tex.Cr.R. 27, 29 S.W. 790; see also cases cited in 11 Tex. Dig., Criminal Law, ▮▮▮

Appellant contends that the court, in his rulings upon the admissibility of testimony, committed errors by commenting upon the credibility of the witnesses and the weight to be given their testimony.

An examination of the record does not reflect that the appellant, except in one instance, objected and excepted to any of the comments of the court of which he now complains. The comment of the court to which appellant did except could not have injured the appellant because it was a statement by the court that one of the appellant's own witnesses was qualified as an expert.

We overrule appellant's contention that the indictment was fundamentally defective because it failed to allege that the female was not his wife. The indictment charged that the offense was committed by force. Under such allegation, it was not necessary to allege that the female was not the wife of appellant. An indictment need not negative such fact unless the female was mentally diseased or under the age of 18 years. Article 1183, Vernon's Ann.P.C.; Palm v. State, 149 Tex.Cr.R. 456, 195 S.W.2d 354; and Jackson v. State, Tex.Cr.App., 279 S.W.2d 354.

Finding the evidence sufficient to support the conviction, and no reversible error appearing in the record, the judgment is affirmed.

Opinion approved by the Court.