### GAYLE ALBERT LEE v. STATE

No. 31,718. April 6, 1960

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Neil McKay,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is rape; the punishment, 30 years.

The prosecuting witness testified that on the date alleged in the indictment, she was sixteen years of age, had been married, but was not living with her husband, and at such time she was nine months pregnant. That she had become acquainted with the appellant's wife, who was also pregnant, on the occasions of their visits to the same hospital. On the day in question appellant and his wife drove the prosecuting witness home from the hospital and suggested that she go to Lake Houston with them that night. Around 8 P.M. they returned and the prosecutrix left with them. After stopping at several places where appellant purchased and consumed a considerable amount of whisky and beer they arrived at the lake around midnight After they arrived appellant took off his clothes and suggested that they all go in swimming. Prosecutrix objected and was told by appellant that unless she did he would throw her in the water with her clothes on. In fear of such threats prosecutrix removed her clothes and went into the water with the appellant and his wife who was also in the nude. While in the water appellant attempted to fondle the prosecutrix' breasts and pushed her into deep water. Appellant then took the prosecutrix out of the water and threw her on a blanket where in the presence of his wife he had intercourse with the prosecutrix and then proceeded to commit oral sodomy upon her. The prosecutrix testified that she was afraid of the appellant, that he told her he had a gun, that she resisted him to the best of her ability but that she did not fight back because of fear that it would hurt her baby. Appellant then took the prosecutrix to his home in the city of Houston where in the presence of his wife he again assaulted her. After appellant and his wife had gone to sleep, the prosecutrix ran from the house, partially clad and in a state of shock, to the Eastex Freeway, where she

stopped the driver of a truck who carried her to her mother's home after which she told her mother what had happened and the police were called.

Both the truck driver and the prosecutrix' mother were called as witnesses who corroborated her testimony relative to her outcry and hysterical condition after leaving the house of appellant.

Appellant did not testify but called his wife as a witness who gave her version of the trip to the lake with the prosecutrix on the night in question and denied any misconduct on the part of appellant toward the prosecutrix.

No brief has been filed on behalf of the appellant and the record contains no formal bills of exception or objections to the court's charge.

The statement of facts contains certain informal bills of exception, some being in the narrative form and some in the question and answer form. The bills in the narrative form cannot be considered as informal bills under Sec. 2 of Art. 759a, V.A.C.C.P. Redding v. State, 161 Tex. Cr. R. 53, 274 S. W. 2d 712 and Cochran v. State, 162 Tex. Cr. R. 253, 283 S. W. 2d 947. The informal bills in question and answer form have been considered and do not present error.

The indictment charged rape by force and threats and it was not necessary, as urged by appellant in his motion to quash, to allege that the injured female was not his wife. Palm v. State, 149 Tex. Cr. R. 456, 195 S. W. 2d 354 and Jackson v. State, 161 Tex. Cr. R. 561, 279 S. W. 2d 354.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion Approved by the Court.