WILBUR LEE DEAN V. STATE

No. 31,648. April 6, 1960

292

*Dooley & Hoerster*, Fredericksburg, for appellant.

*Darrell G. Lochte*, County Attorney, Kerrville, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is hunting deer out of season; the punishment, a fine of $75.00.

The sufficiency of the evidence to sustain the conviction is challenged. Game Warden Gregory testified that he saw Fred Maples, Ray Townsend and appellant in the morning of the day in question, that they were on the banks of the Guadalupe River near Ingram, Texas, and had driven there in a blue Ford sedan equipped with a luggage rack on top, which rack contained kitchen ware and fishing tackle. He testified that he saw the same parties together that night near the Hyde ranch in company with Ranger Purvis, that both Maple and appellant were wearing wet and muddy shoes and trousers. It was shown that the day in question was one of continuous rain.

The witness Hyde testified that on the day in question he met a blue Ford equipped with a luggage rack in which there were more than two adults about a mile east of his home. He testified that a short while thereafter, upon his return, he saw the same blue Ford stopped on the side of the road near the entrance to his ranch; that Maples left the Ford, went into the bar ditch, and the Ford drove away; that when he got even with Maples he questioned him about his presence in the vicinity and Maples replied that he was hitchhiking to Ingram. He stated that after he left Maples and entered upon his own private roadway he encountered the same Ford which was driven by Ray Townsend in the act of turning around, that he questioned Townsend about Maples, and Townsend denied that he knew him. Upon arriving at his home, Hyde called Ranger Purvis who came at once, and the two men went to the place where Hyde had seen Maples in the ditch; they then followed two sets of large footprints into Hyde's pasture about 20 yards to some brush and there found a warm, freshly killed doe deer.

Purvis testified that after he and Hyde found the deer he

set out to locate the blue Ford which had been described to him and met the same three or four miles west of where the deer had been found and he took Maples, Townsend and appellant into custody, found two .22 caliber rifles lying on the floorboard and took them back to the Hyde ranch where he met Gregory. Gregory testified that from the carcass of the deer he took a .22 caliber lead bullet.

The case was submitted to the jury under the law of circumstantial evidence and, though not without difficulty, we have concluded that the evidence is sufficient to support its finding. Attention is called to the fact that it was not necessary for the jury to find that appellant killed the deer which was found. It was only necessary for the jury to find that he was engaged in the act of hunting deer out of season. To recapitulate: Hyde testified that Purvis came immediately to the scene, arriving 25 minutes after he called him. Purvis testified that not more than an hour elapsed between the time he received Hyde's call and the appellant's arrest. Though Hyde did not see appellant that morning, Maples said he was hitchhiking to Ingram and appellant had been seen in company with Maples and Townsend near Ingram earlier in the day. There was evidence on the ground that the deer had been drug from an open clearing to the brush where it was concealed, and both Maples and appellant were wearing trousers, the legs of which were wet, and wet shoes when arrested.

There are no formal bills of exception in the record, and we are not authorized to consider the informal bills in this narrative statement of facts. Redding v. State, 161 Tex. Cr. Rep. 53, 274 S. W. 2d 712, and Bobbitt v. State, 162 Tex. Cr. Rep. 206, 283 S. W. 2d 946.

The judgment is affirmed.