JAMES LEE OWEN v. STATE

No. 33,821.   October 25, 1961

*Homero M. Lopez,* Kingsville, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is the driving of a motor vehicle upon a public highway while intoxicated; the punishment, a fine of $50 and 3 days in jail.

The state's testimony reflects that appellant was driving an automobile approximately sixteen miles south of Falfurrias when a border patrolman, Andrew Wright, saw the car driven by appellant swerve to the right side of the line of traffic onto the shoulder and pull back into the line of traffic; that he stopped appellant and he appeared unsteady on his feet; that, in his opinion, appellant was intoxicated. The state's testimony further reflects that Glen Brothers, a highway patrolman, arrived some 45 minutes later; that appellant was asleep in his automobile and, upon being awakened, was unsteady on his feet and appeared to be intoxicated; that he agreed to take a blood test; that after such test a sample was properly traced to Roger Bickham, a chemist for the Texas Department of Public Safety.

Roger Bickham testified that he received the sample; that the analysis of the blood specimen showed it contained .24% alcohol by weight; that a person having such a percent of alcohol in his blood would be, in his opinion, intoxicated; that the American Medical Association and the National Safety Council adopted the standard of .10% alcohol by weight as the percentage at which all individuals are intoxicated.

R. E. Haney, a witness called by appellant, testified that he had been with appellant from about 10 a.m., to 5 p.m.; that appellant left for Corpus Christi; that he was not intoxicated when he left.

Joe Reeves testified that he was a hunting companion of appellant in the Rio Grande Valley; that they left the hunting area around 5 p.m.; that appellant was not intoxicated or under the influence of intoxicating liquor.

Appellant testified that he and his companion hunted in the Rio Grande Valley; that he left around 5 p.m., for Corpus Christi; that he drank three or four bottles of beer on the day

in question, but did not drink any beer after 5 p.m. He further testified that his car lights were getting dim and he was blinded and that such caused him to run off the shoulder of the road. He denied being intoxicated, and denied agreeing to the blood test.

The jury resolved the issue against appellant. We find the evidence sufficient to support the jury's verdict.

All the contentions presented by appellant are attempted to be raised by informal bill of exception. The statement of facts is in narrative form. A bill in narrative form cannot be considered as an informal bill, under Sec. 2 of Art. 759a, V.A.C.C.P.; Redding v. State, 161 Tex. Cr. Rep. 53, 274 S.W. 2d 712; Lee v. State, 334 S.W. 2d 289; Bobbitt v. State, 162 Tex. Cr. Rep. 206, 283 S.W. 2d 946.

Appellant presented a motion to quash the information. He also requested the court to submit certain affirmative defenses in his charge.

Neither the motion to quash nor the requested charges reflect that they were ever presented to the court or that the court acted on them, nor was any exception taken. Such cannot be considered as an informal bill under Art. 760e or Art. 759a, C.C.P.

We think the information substantially complies with the form set forth in Sec. 1111 of Willson's Criminal Forms.

Finding no merit in any of the contentions advanced, the judgment is affirmed.