Jack **COCKERHAM**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39540.

Court of Criminal Appeals of Texas.

April 27, 1966.

———◆———

Baker & Callahan, by Andrew Z. Baker, Galveston, for appellant.

Jules Damiani, Jr., Dist. Atty., Albert G. Redmond and Ronald L. Wilson, Asst. Dist. Attys., Galveston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is drunk driving; the punishment, six months in jail and a fine of $250.

The statement of facts was prepared by appellant's counsel in narrative form and approved by the trial court.

The evidence shows without dispute that at the time he was pursued, overtaken and arrested, appellant was driving a 1952 Chevrolet automobile on a public highway between Alvin and Galveston.

The arresting officer testified that during his pursuit the 1952 Chevrolet was weaving from lane to lane; that appellant was "incoherent to a certain state" in his speech; that "he smelled of the odor of alcohol on his breath"; and expressed the opinion that appellant was intoxicated.

The officer further testified that appellant was taken to the LaMarque City Jail and a sample of his urine was taken, marked for identification and forwarded to the Department of Public Safety.

Texas Highway Patrolman Williams testified that he saw appellant at the jail; that he appeared to be intoxicated; that appellant had a "slurred manner, thick tongue and smelled of alcohol"; that he assisted Officer Gardner in administering a "leg test" and procuring a urine sample. Patrolman Williams testified that in his opinion appellant was intoxicated.

Henry Bowen, chemist and toxicologist for the Texas Department of Public Safety, testified that he received an initialled urine sample vial from the Hitchcock Police Department and made an analysis of the sample which revealed that appellant's urine contained .21 percent alcohol content and in his opinion the person who gave the sample was intoxicated at the time.

Chemist Bowen further testified on cross-examination that .21 percent alcohol content in the urine would indicate an alcohol content of .16 percent in the blood and that people with alcohol content of .20 percent in the urine or .10 percent in the blood would be intoxicated.

Appellant's wife and one of the two other passengers riding with appellant testified that he was not intoxicated, as did appellant.

■ The jury resolved the issue against appellant and the evidence shown by the statement of facts is sufficient to sustain their verdict.

In his brief appellant complains of the court's refusal to grant his motion for new trial and his motion for mistrial because the state was permitted to ask him, on cross-examination, if he had been convicted in Missouri in 1957 for the crime of felony assault on a minor female with intent to have carnal knowledge, and because of the overruling of his objection to questions propounded to appellant as to his conviction in 1959 for sodomy. Appellant also complains that the state was allowed to argue for eleven minutes longer than he was permitted to argue.

■ The matters complained of are not before us for review. There are no formal bills of exception and, the statement of facts being in narrative form, informal bills

sought to be preserved therein may not be considered. Art. 759a Vernon's Ann.C.C.P.; Owen v. State, 171 Tex.Cr.R. 361, 350 S.W. 2d 542; Bobbitt v. State, 162 Tex.Cr.R. 206, 283 S.W.2d 946; Redding v. State, 161 Tex.Cr.R. 53, 274 S.W.2d 712.

The judgment is affirmed.