**Walter Lee COBBINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40972.**

*Court of Criminal Appeals of Texas.*

Feb. 7, 1968.

Emmett Colvin, Jr., Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., John Vance, Curtis Glover and Kerry P. Fitzgerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is rape; the punishment, life.

Three grounds of error are set forth in appellant's brief. Ground 1 complains that the charge to the jury at the hearing on punishment is fundamentally defective in that it authorizes the jury to find that appellant had been previously convicted of a felony.

The state did not seek the death penalty. Appellant filed application for probation and elected to have the jury assess the punishment.

The charge attacked is that portion which referred to the application for probation and instructed the jury as to the necessity of finding, in their verdict, if they desired to recommend probation, "that the defendant has never before been convicted of a felony in this or any other state."

The charge was in strict accordance with Art. 42.12, Sec. 3a, Vernon's Ann.C.C.P., in effect at the time of the trial, and the above quoted language appears both in the statute and in the charge.

The ground of error is overruled.

The second ground of error is: "The indictment is fundamentally defective in that, the prosecutrix being age 14 years at the time of the alleged act, it fails to allege that the prosecutrix is not the wife of the defendant."

The indictment alleging rape by force and threats, ground of error No. 2 is without merit. Lee v. State, 169 Tex.Cr. R. 300, 334 S.W.2d 289.

Ground of error No. 3 complains that: "The admission of in-court identification of the accused, without first determining that such identification was not tainted by an illegal lineup but was of independent origin, violated appellant's rights under the

Sixth and Fourteenth Amendments to the Constitution of the United States."

No authorities are cited and no argument is advanced in support of this ground of error. If reliance be on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149, and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, which we conclude have no application under the facts before us, see Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199. Ground of error No. 3 is overruled.

The judgment is affirmed.

## CONCURRING OPINION

ONION, Judge.

I concur in the results reached. As I view it, however, appellant's claim of due process violation as set forth in his ground of error #3 is independent of the exclusionary rules announced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, which were fashioned to deter law enforcement authorities from exhibiting an accused to witnesses prior to trial for identification purposes without notice to and in the absence of counsel absent an intelligent waiver by the accused.

Wade and Gilbert, of course, have no application to confrontations, lineups, or showups conducted prior to June 12, 1967, as was the one in the case at bar. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Therefore, the trial court did not err in admitting the in-court identification of the accused, without first determining that such identification was not tainted by an illegal lineup but was of independent origin.

Nevertheless, as we recently recognized in Graham v. State, Tex.Cr.App., 422 S.W. 2d 922 (Jan. 17, 1968) it remains open to all persons to allege and prove that the confrontation, lineup, or showup resulted in such unfairness that it infringed his right to due process of law. See also Stovall v. Denno, supra, Palmer v. Peyton, 359 F.2d 199 (C.A. 4th 1966). This is a recognized ground of attack upon a conviction independent of rules announced in Gilbert and Wade.

The prosecuting witness was the only witness who made an in-court identification of the appellant as the person who had assaulted and raped her on the date in question. On direct examination the prosecuting witness testified, without objection, that on June 11, 1965, several hours after the alleged rape occurred, she viewed a lineup at the Dallas Police Station which consisted of four Negro males. She revealed that appellant was the third man in the lineup and that at no time prior to viewing the lineup did anyone inform her that the appellant would be one of the persons included therein. Further, the record does not reflect that this witness was shown a photograph of the appellant or that he was exhibited singly to her as in Palmer v. Peyton, supra, and Barnes v. United States, 124 U.S.App.D.C. 318, 365 F.2d 509, 511, 512 (1966). Further, there is no showing that the law enforcement authorities took any action to suggest to this witness that the appellant in their minds was the guilty party.

While it is true that the prosecuting witness could not recall the size of the men in the lineup, when the "totality of circumstances" surrounding the confrontation is considered together with the fact that the witness had an adequate opportunity to view the appellant at close range during the commission of the offense, there is nothing in the record before us to indicate that her identification in open court of the appellant was the result of any suggestive influence of the police. This appellant has not been deprived of due process. Graham v. State, supra.

I concur.