Donald Leroy CRAIG, Appellant,

v.

The STATE of Texas, Appellee.
No. 44562.

Court of Criminal Appeals of Texas.

March 29, 1972.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jimmy James, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

Our prior opinion is withdrawn. On original submission, this court affirmed the conviction, noting that appellant's brief had not been timely filed in the trial court, and found no unassigned error to be considered "in the interest of justice." See Article 40.09, § 13, Vernon's Ann.C.C.P.

We have now concluded that the brief was timely filed in light of the extension granted by the trial court and by virtue of the Code Construction Act (Acts 1967, 60th Leg., ch. 455, p. 1036). See also Barbee v. State, 432 S.W.2d 78 (Tex.Cr.App. 1968).

This appeal is from a conviction for rape by force where the punishment was assessed at 10 years.

At the outset, appellant contends that the indictment was fatally defective since it did not allege that the prosecutrix was not his wife. The one-count indictment alleged only rape by force and threats. It did not allege that the prosecutrix was a mentally diseased woman or under the age of consent. In a prosecution for rape by force, it is not necessary to allege that the injured female was not the wife of the defendant. Lee v. State, 169 Tex.Cr.R. 300, 334 S.W.2d 289 (1960); Maddox v. State, 163 Tex.Cr.R. 5, 288 S.W. 2d 780 (1956); Jackson v. State, 279 S.W. 2d 354 (Tex.Cr.App.1955); 4 Branch's

Ann.P.C.2d ed., Rape, § 36, p. 663; Texas Practice, Willson's Criminal Forms, 7 ed., § 1581, p. 364.

Next, appellant challenges the sufficiency of the evidence to sustain the conviction.

The record reflects that the 31 year old prosecutrix and her companion, Helen Gutierrez, left work in the City of Houston about 11:35 p. m. on October 26, 1967. As they walked along a street, Dallas Tankard forced them at gunpoint into a car driven by the appellant. As they drove along, appellant told them they had to do what Tankard said since he (Tankard) had robbed banks, had killed before and "wouldn't think nothing of killing" them. Appellant drove to a deserted area where the car got stuck. After getting the car extracted from the ditch, the appellant forced the prosecutrix to cross a fence and caused her to get on a board and had sexual intercourse with her. Following such act the appellant committed an act of oral sodomy on her. When asked why she permitted him to do this, the prosecutrix, mother of eight children, answered:

> "Because my life was threatened at the time. The man who had the gun, and he himself, had one hand at my throat and one hand in my hair, like that. And I remember at that particular time that the only importance to me was to get back to the children that were waiting. If anything should happen to me at that time just because I would want to play hero, believe me, my children would have never known. I knew I had to get back no matter what I did for this man. But I had to come back."

Later, she testified:

> "Because I was under him and there was just no way that I could defend myself. There was no way except scream, maybe run, but to where? And scream to whom?"

She explained that there were no houses or lights in the vicinity.

She also testified that Tankard, who was still in the car with Helen Gutierrez, had yelled: "Donald, are you having any trouble with that bitch?" And, " . . . if you are, I've still got this gun." She related that Tankard shot the gun in the air.

When asked if she had submitted voluntarily, she answered: "No. Not voluntarily. I would never submit myself voluntarily because I had never seen this man" (before).

The prosecutrix testified that after they left the scene they drove to a service station where the men stopped for cigarettes. At the station she related Tankard threatened to kill one of the attendants. She and Helen Gutierrez attempted to get a key to the restroom so they could lock themselves in, but they were unsuccessful. Appellant and Tankard then drove the women into downtown Houston and let them out of the car after threatening to throw acid in the faces of the children of both women if they told anyone what had happened. The two women walked to the Gutierrez apartment and called the police. The prosecutrix was examined by a doctor the next day.

She was corroborated in large measure by the testimony of Helen Gutierrez and Foster Johnson, attendant at the service station.

Testifying in his own behalf, appellant admitted he had intercourse with the prosecutrix though he contended it was with her consent. He acknowledged that Tankard had fired the pistol while he and the prosecutrix were away from the car. He denied the act of sodomy.

The jury by its verdict rejected appellant's version of the facts and we find the evidence sufficient to support the conviction. Harris v. State, 441 S.W.2d 189 (Tex.Cr.App.1969) and cases there cited.

Lastly, appellant complains the prosecutor "entered unsworn testimony of an extraneous offense calculated to injure the rights of the defendant."

During the argument of defense counsel at the guilt stage of the trial, the record reflects the following:

"'MR. HARGROVE (defense counsel): At any rate, you saw it. And they try to bring out an act of sodomy. Let me tell you that this man right over here is not charged in this Court today with sodomy.

"'MR. JAMES (prosecutor): Object to that, Your Honor. He certainly is. I'll be happy to show him the indictment, Your Honor. It's right here.

"'MR. HARGROVE (defense counsel): I beg to differ, Your Honor, and ask that that be stricken from the record. Ask that the jury be asked to disregard it.

"'MR. JAMES (prosecutor): Your Honor—

"'THE COURT: I'll sustain it. Let's go.
"'MR. HARGROVE (defense counsel): That is another crime. That is to be tried later. If he's guilty of sodomy, he'll be convicted in that trial, not this one.' "

█ The act of sodomy was admitted without objection and was clearly admissible. Where the offense is one continuous transaction or another offense is part of the case on trial or blended or closely interwoven therewith proof of all the facts is proper. See Taylor v. State, 420 S.W.2d 601, 605 (Tex.Cr.App.1967).

█ The argument of appellant's counsel invited the statement of the prosecutor. Though the requested jury instruction was not given, the court did sustain the objection. No mistrial motion was made. Appellant's counsel returned to the subject matter and further explained to the jury that the appellant was not on trial for sodomy at the present time.

Under the circumstances, we fail to perceive error.

The judgment is affirmed.