**Thomas James PIPER, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45153.**

Court of Criminal Appeals of Texas.

June 28, 1972.

Rehearing Denied Oct. 11, 1972.

William W. Norris, San Antonio, for appellant.

Ted Butler, Dist. Atty., R. Norvell Graham, Charles E. Campion and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault with firearms. The punishment assessed was 50 years.

Initially, appellant contends the court erred in permitting the witness Crenshaw to make an in-court identification of him since such identification "was incurably tainted by the prejudicial 'show-up' . . ." By pro se brief, he also complains of the legality of his arrest.

Nathan Crenshaw, the Manager of a Mister M Food Store at 2234 Lockhill Selma Road in the City of San Antonio, testified that at approximately 5:30 p.m. on January 31, 1970, the appellant walked into the store, leveled a sawed-off double-barrel shotgun at him and another employee, and told them to put the money in a sack.

Crenshaw revealed that the appellant was wearing a long overcoat, dark glasses and had long brown hair and a mustache. "Not wanting to argue with the shotgun," Crenshaw put the money in the sack and then he and the other employee were forced into the vault where they were advised to remain.

Through glass windows, Crenshaw was able to see the appellant as he departed from the store, but did not see any vehicle in which he either arrived or left.

Crenshaw immediately reported the robbery to the police, giving a description of the robber.

Yancey Sing, a fellow employee of Crenshaw's, corroborated his testimony and made an in-court identification of the appellant as the robber.

San Antonio Police Officer Rose was approaching the driveway of the store about 5:30 p.m. when he observed a car driven by a man in dark glasses leave the store's parking lot in such an erratic manner that it almost struck his patrol car. He took the license number and turned to pursue the car though heavy traffic impeded his progress. While in pursuit, he received a message over his police radio concerning the robbery, and he immediately called the dispatcher informing him of the car's description and license number and its hasty departure from the store. Rose almost lost control of his car during the chase and, also, lost sight of the fleeing car.

Officer Morgan of the Castle Hills Police, while on patrol, heard the police broadcast concerning the robbery and description given of the fleeing vehicle. Just as soon as he received such information, he saw the car described. He gave chase and stopped the vehicle which was being driven by the appellant, who was wearing dark glasses and a long overcoat under which was strapped a sawed-off shotgun. Appellant was accompanied by one known as Corona. They were placed under arrest. Shotgun shells and money in a bag were recovered.

As to appellant's contention that Officer Morgan did not have sufficient probable cause to effect a warrantless arrest, we observe that, in relying upon Article 14.04, Vernon's Ann.C.C.P., this court has held that the test as to probable cause is the information known to the officer who requests another officer to effect an arrest. See McDuff v. State, 431 S.W.2d 547 (Tex.Cr.App.1968); Weeks v. State, 417 S.W.2d 716 (Tex.Cr.App.1967), cert. den. 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494. See, also, Miller v. State, 442 S.W.2d 340 (Tex.Cr.App.1969); Brown v. State, 443 S.W.2d 261 (Tex.Cr.App.1969). Further, if the requesting officer is in possession of sufficient knowledge to constitute probable cause, then he need not detail

such knowledge to the arresting officer. Weeks v. State, supra.

■ In the instant case, it appears clear that Officer Morgan had ample probable cause for the arrest and probable cause to search the car for guns and stolen money. Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419 (1970). The court did not err in overruling the motion to suppress.

Turning to his claim that the in-court identification was "tainted", we observe that the court conducted a pre-trial hearing to determine the admissibility of such evidence. See Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969). Such hearing reveals that within 45 minutes after the alleged offense and shortly after appellant's arrest, he was returned to the Mister M Food Store where Crenshaw was asked if he could identify the appellant and he did. Crenshaw testified that his courtroom identification would be based upon his observations during the time of the robbery and not upon the show-up identification shortly after the offense which did not influence him. He testified, ". . . And I could see that face a hundred years from now if it were pointed at me. When you have a double barrel shotgun staring you in the face, you concentrate pretty heavy."

In the past, this court has refused to extend the holdings of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), so as to require counsel at, on, or near the scene during confrontation between a suspect and a witness occurring shortly after the commission of a crime, or in other circumstances which necessitate a prompt identification, there being some reasonable elasticity as to time and place. Cole v. State, 474 S.W.2d 696 (Tex.Cr. App.1972); Garcia v. State, 472 S.W.2d 784 (Tex.Cr.App.1971); Perryman v. State, 470 S.W.2d 703 (Tex.Cr.App.1971) (concurring opinion). See, also, Watkins v. State, 452 S.W.2d 444 (Tex.Cr.App.

1970); Elliott v. State, 444 S.W.2d 914 (Tex.Cr.App.1969).

Further, only recently the United States Supreme Court in Kirby v. Illinois, 406 U. S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), held that a show-up after arrest, but before the initiation of any adversary criminal proceeding (whether by way of formal charge, preliminary hearing, indictment, information, or arraignment), unlike the post-indictment confrontation involved in Gilbert and Wade, is not a criminal prosecution at which the accused, as a matter of absolute right, is entitled to counsel.

Appellant's able counsel recognizes these holdings and does not seek to rely upon Gilbert and Wade, but contends that from the totality of the circumstances, the one-to-one confrontation was "so unnecessarily suggestive and conducive to irreparable mistaken identification" that he was denied due process of law. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). See Graham v. State, 422 S.W.2d 922 (Tex.Cr.App.1968); Cobbins v. State, 423 S.W.2d 589 (Tex.Cr.App.1968) (concurring opinion).

■ Although identification procedure whereby suspects are viewed singly by a witness rather than a lineup has been widely condemned, Stovall v. Denno, supra, due process is not, however, invariably violated by such procedure. See Biggers v. Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968). Each case must be considered on its own facts to determine the likelihood that a particular pretrial confrontation resulted in irreparable misidentification. Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

■ While appellant had no counsel at the food store confrontation, there appears to be no evidence of suggestiveness. Certainly the circumstances, when considered in their totality, were not so unnecessarily suggestive and conducive to irreparable misidentification as to amount to a denial of due process.

Further, we note that the State did not attempt to bolster Crenshaw's in-court identification by use of any pretrial identification. And, still further, Sing, who was not shown by this record to have viewed any lineup, or show-up, etc. made a positive in-court identification of the appellant based on his observations at the scene of the crime. Clearly, if there was any error at all in admitting Crenshaw's courtroom identification, it was harmless error. Smith v. State, 450 S.W.2d 618, 621 (Tex. Cr.App.1970); Garcia v. State, 472 S.W.2d 784 (Tex.Cr.App.1971).

We have examined appellant's remaining grounds of error; all advanced by the pro se brief, and find them without merit or without support in this record.

The judgment is affirmed.