John Frank ASHFORD aka John Frank Jarrett, Appellant,

v.

STATE of Texas, Appellee.

No. 01–81–0209–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 31, 1981.

Frank Sheppard, Jr., Houston, for appellant.

Larry P. Urquhart, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

Appellant was convicted of aggravated robbery in a trial to the court and his punishment was assessed at six years confinement. We affirm.

By his first ground of error, appellant alleges a fundamental defect in the indictment for failure to describe the "property" taken in the robbery, citing several cases, including, *Ex parte Canady*, 563 S.W.2d 266 (Tex.Cr.App.1978). Canady was indicted for robbery under the provisions of the former Penal Code. An indictment for aggravated robbery under the present penal code no longer needs to describe the property taken during the robbery. *Earl v. State*, 514 S.W.2d 273 (Tex.Cr.App.1974); *Robinson v. State*, 596 S.W.2d 130 (Tex.Cr.App. 1980). Appellant's first ground of error is overruled.

By his second ground of error, appellant challenges the sufficiency of the evidence to support a conviction for aggravated robbery.

The complainant walked out of his house to move his truck. He was approached by appellant who twisted the complainant's arm behind his back and stated, "I will shoot you." Appellant had his right hand in his pocket, implying possession of a pistol. Appellant was then joined by another male who pointed a small, black revolver at the complainant's head and stated, "I ought to kill you." The complainant testified he was in fear for his life at this point. Appellant then reached into the complainant's left pocket, removed his wallet, and departed with the other assailant. After the complainant notified the police, a patrol car arrived within minutes. The officers broadcasted the description of the robbers given to them by the complainant, and then began patrolling the neighborhood with the complainant. A few minutes later another police car called, announcing they had two suspects in custody approximately nine blocks away. The complainant was taken

to the scene of the arrest and identified the two suspects as the people who robbed him. When arrested, appellant had in his possession the wallet taken from the complainant, in addition to other property stolen from an automobile parked at the scene of the robbery.

In prosecutions not based on circumstantial evidence, the Court of Criminal Appeals has stated, "[i]n reviewing the sufficiency of the evidence to support the conviction, we must view the evidence in the light most favorable to the verdict. In doing so, the verdict will be sustained if there is any evidence which, if believed, shows the guilt of the accused." (cited cases omitted). *Banks v. State*, 510 S.W.2d 592, 595 (Tex.Cr. App.1974).

The trial court had sufficient evidence before it from which to find that appellant was guilty of aggravated robbery. Appellant's second ground of error is overruled.

By his final ground appellant alleges error by the trial court in not sustaining his motion to suppress complainant's in-court identification of appellant.

Appellant's motion was premised on the actions of the police at the scene of appellant's arrest, where appellant and the other suspect were shown to the complainant and identified by him as the robbers. Appellant argues that the one-on-one confrontation conducted by the police officers at the scene of the arrest was so suggestive and conducive to irreparable mistaken identification, that appellant was denied due process of law, citing, *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Piper v. State*, 484 S.W.2d 776 (Tex.Cr.App.1972); and *Writt v. State*, 541 S.W.2d 424 (Tex.Cr. App.1976).

Several cases involving one-on-one confrontations between a suspect and a complainant have indicated the law to be as follows:

[a]lthough identification procedures whereby suspects are viewed singly by a witness rather than by conducting a lineup has been widely condemned, *Stovall v. Dennis, supra*, due process is not invariably violated by such procedure. *Biggers v. Tennessee*, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968). Each case must be considered on its own facts to determine the likelihood that a pre-trial confrontation resulted in irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, [971] 19 L.Ed.2d 1247 (1968).

*Archie v. State*, 615 S.W.2d 762, 764 (Tex. Cr.App.1981).

We are thus faced with a determination whether the one-on-one confrontation created the likelihood that the complainant misidentified appellant.

Appellant argues that the complainant based his identification of appellant on appellant's clothes, directing our attention to testimony by the complainant indicating the clothes assisted in his identification.

However, during later cross-examination by appellant, the complainant further testified:

"Q. Mr. Singleton, you went to the scene of the arrest, you would not have been able to identify those people if they wouldn't have had the same clothes on?

"A. Yes.

"Q. You wouldn't have been able to do it, now, tell the truth—

"A. Yes, I could.

"Q. —because you didn't see their faces at the time of the altercation?

"A. I glanced at it.

"Q. You said earlier you made your identification by the clothes that they had on.

"A. If they had been at a lineup with five or six people—

"Q. You could have?

"A. I think so.

"Q. You think so, but you are not sure?

"A. Yes, I could."

The complainant had also previously testified that prior to the date of the robbery, he had seen appellant once or twice. The complainant also testified:

"Q. The man who actually took your billfold, is there any doubt in your mind that that's not the man seated over at the

counsel's table in the white shirt (appellant)?

"A. That's the man.

"Q. Is there any doubt in your mind about that?

"A. No."

Appellant further argues that the arresting officers asked the complainant to identify the suspects so as to prompt the complainant to make the identification, apparently implying that the arresting officers told the complainant that appellant was one of the suspects. The testimony was as follows:

"Q. (By appellant) When you got to the scene of the incident did any of the officers say anything to you regarding the two men that were there?

"A. No. They just asked me to identify them if that was them. I said, yes."

Appellant also points to testimony by Officer Wong where he said he was told by other officers, "These are the suspects." However, Officer Wong also stated that this exchange occurred after the complainant identified appellant.

Regarding the suggestiveness of the confrontation, the complainant also testified:

"Q. (By the State) Now, ... did the police in any way, form or fashion tell you which one of the people they wanted you to identify as being the guy that was holding your arm or the guy that was carrying the pistol, or did you do that on your own?

"A. Not at that time.

"Q. Did you know which one of the guys had done that?

"A. Yes.

"Q. No one told you which one to pick out?

"A. No.

"Q. They didn't even tell you that was the guys that robbed you?

"A. No.

"Q. You told the police that?

"A. Right.

"Q. Could you have made this identification had they caught them at some later date, somewhere other than the scene?

Could you have identified them later somewhere else away from the scene and not down—

"A. Yeah.

"Q. So this didn't influence your decision, the defendant and co-defendant at the scene, did it?

"A. No."

Appellant argues that no exigency existed in the case at bar, as in *Stovall*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, where the complainant was hospitalized at the time of the identification. A review of cases decided since *Stovall*, demonstrate that such exigency is unnecessary.

In *Piper v. State*, 484 S.W.2d 776 (Tex.Cr. App.1972), a daylight robbery victim was allowed to view the suspect within 45 minutes after the offense, at the scene of the crime. The suspect was shown to the victim who was then asked if he could identify the suspect, which he did. *Id.* at 778. In another case, *Joshlin v. State*, 488 S.W.2d 773 (Tex.Cr.App.1973), a theft victim, who had observed the suspect for two hours prior to the theft, was allowed to view the suspect at the police station singly after the theft. The court found no error in allowing the victim to identify the suspect in court. Similarly, in *Writt v. State*, 541 S.W.2d 424 (Tex.Cr.App.1976), the victim of an armed robbery was allowed to view the three suspects the same evening as the robbery, at the scene of the crime.

In each case cited, no evidence of suggestiveness was shown aside from the inherent suggestiveness accompanying one-on-one confrontations. A common theme or fact in each case, pointed to by the reviewing court, was that in each case the victim had adequate opportunity to view the suspect during the commission of the offense. In addition, as here, there was no evidence of prompting by the police in the fact situations involved in the cited cases.

In the case at bar, the complainant testified he had an opportunity to see the side of appellant's face, as appellant came over and grabbed him at the scene, and that appellant was the same man he had seen earlier

across the street. In addition, the complainant testified he had seen appellant once or twice before the offense.

Considering the totality of the circumstances, including the fact that when appellant and the other suspect were arrested within one half hour of the offense, they were both in possession of property stolen from the complainant and from an auto parked next to where the robbery occurred, the one-on-one confrontation was not "... so unnecessarily suggestive and conducive to irreparable mistaken identification that [appellant] was denied due process of law." *Stovall*, 388 U.S. at 302, 87 S.Ct. at 1972. Appellant's third ground of error is overruled. The judgment is affirmed.