**Frederick WRITT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51267.**

Court of Criminal Appeals of Texas.

July 7, 1976.

Sharp, Ward & Ross, by Stephen W. McDaniel, Longview, for appellant.

Odis R. Hill, Dist. Atty. and Joseph O'Hagan, Asst. Dist. Atty., Longview, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for aggravated robbery, wherein the jury assessed twenty-five (25) years in the Department of Corrections.

Appellant complains in two grounds of error that the court erred in overruling his motion to suppress items seized as a result of an illegal search and seizure, and erred in permitting the complaining witness to make an in-court identification of him because

such identification was tainted by improper and unfair pre-trial identification procedures.

The record reflects that on December 20, 1974, Gerald Steed was the sole attendant at the Citgo service station in Longview. About 9 p. m. Steed testified that the appellant, his brother, Paul Writt, and Henry Adams [1] came into the small but well lighted office and at gunpoint took $55.00 out of the cash register. As Steed was led out of the back door, he was told to turn over his wallet, he started to but jerked it back and darted away. The appellant fired at him. Steed reached a nearby Mobil station and called the police.

Mae Josie Anthony testified she left Good Shepherd Hospital, not far from the Citgo station, about 9 p. m. She had been visiting her ill husband. She walked the eight blocks to her home, and after her arrival, she testified her son admitted the Writt brothers and Henry Adams into the house to make a telephone call for a taxi. When the taxi arrived, one of the men went to the door and told the driver the persons who had called the cab had left. When Mrs. Anthony heard this conversation, she went to the door to tell the driver otherwise, but he was already driving off.

Two police officers, Jim Hayes and Ken Canady, who had been informed of the robbery, saw the taxicab in the area and stopped it. As a result of a conversation with the driver, the officers went to the Anthony house. There Mrs. Anthony acknowledged the three men who had called the taxi were still there, and she stated the officers were "welcome to come in."

The two officers went into the bedroom where the three men were. When they stood up, the officers observed the men fit the description of the three robbers as given by Steed. They were told the officers wanted to talk to them about the offense that had occurred. They stepped "into the main portion of the house," where the three were arrested.

While it is not altogether clear when this occurred, Hayes testified he saw "there was partially part of one jacket sticking out" under the bed the Writt brothers had been sitting on. Under the bed he found a brown jacket, a blue jacket and a black cap. Under the mattress he picked up a small .22 caliber pistol, which was loaded with five shells and one spent shell.

The men were returned to the station, where Steed said "That's them" and "That's the jacket" when shown one of the jackets. At the police station the appellant was found to have $18.00 on his person, and the others each had $17.00.

Initially appellant complains of the court's action in overruling his motion to suppress. On the day of the trial and just prior thereto, appellant's counsel stated to the court he was urging a verbal motion to suppress. In his statement he said, "While obtaining a consent to search the premises the officers did not have probable cause to search said premises, they were not in the act of pursuing a fleeing felon." The appellant did not offer any evidence or request the opportunity to do so, and the court simply stated, "Motion denied at this time." Clearly there was no formal hearing on the verbal motion to suppress. At the trial there was no objection to the introduction of any of the items seized on the basis now urged on appeal—that they were seized as a result of an illegal search and seizure.

In *Bosley v. State,* 414 S.W.2d 468 (Tex.Cr.App.1967), cert. den. 389 U.S. 876, 88 S.Ct. 172, 19 L.Ed.2d 162, it was pointed out that nothing in Article 28.01, Vernon's Ann.C.C.P., requires the court to hear any pre-trial motion, but the accused retains his right to raise any appropriate objection at trial. A pre-motion to suppress filed on the day of trial is untimely filed, *Sonderup v. State,* 418 S.W.2d 807 (Tex.Cr.App.1967),

---

1. This appeal is a companion case to *Henry Adams v. State,* 537 S.W.2d 746 (Tex.Cr.App., delivered June 16, 1976). It is noted that the instant case was tried prior to the *Adams* case and that there are some discrepancies in the facts and the spelling of the names of witnesses in the two cases.

and the court does not err in denying such motion, *Bosley v. State,* supra, or in refusing to conduct a hearing thereon. *Smith v. State,* 437 S.W.2d 835 (Tex.Cr.App.1968). See also *Blankenship v. State,* 448 S.W.2d 476 (Tex.Cr.App.1969). The question of whether to hold a hearing on such a motion rests within the discretion of the trial court. *Hicks v. State,* 508 S.W.2d 400 (Tex.Cr.App. 1974); *Bell v. State,* 442 S.W.2d 716 (Tex. Cr.App.1969).

As to appellant's specific ground of error that the court erred in overruling his pre-trial motion to suppress presented without evidence, there is no merit in light of the above authorities. The question remains whether the appellant preserved the error, if any, by urging a pre-trial motion to suppress without evidence since he did not object at the trial on the basis of an illegal search and seizure.

In *Riojas v. State,* 530 S.W.2d 298 (Tex. Cr.App.1975), this court stated:

"We therefore hold that the overruling of *any* pre-trial motion to suppress is sufficient to preserve error in the admission of the evidence made the basis of the motion to suppress."

There were two vigorous dissenting opinions. In *Riojas* the hearing on the motion to suppress had been conducted ten weeks prior to trial and *evidence had been adduced.* In reaching its holding, the majority relied upon *Graves v. State,* 513 S.W.2d 57, 59 (Tex.Cr.App.1974), where the trial court exercised its discretion and heard a motion to suppress where *evidence was adduced* on the day of the trial. After the motion was overruled, no objection was made at trial. There the court wrote:

"  .  .  .  Since the trial court had immediately before overruled the motion to suppress, it was not necessary for appellant to object when the contraband was offered. *Powers and Dion v. State,* Tex.Cr.App., 456 S.W.2d 97; Art. 40.09, Sec. 6(d)(3), Vernon's Ann.C.C.P."

Article 40.09, Sec. 6(d)(3), Vernon's Ann. C.C.P., provides in effect that if during trial an objection to the introduction of evidence is made outside the presence of the jury and overruled, it need not be repeated in the jury's presence in order to preserve error. In *Powers and Dion v. State,* supra, there had been a pre-trial hearing on the motion to suppress where evidence, including the search warrant affidavit, was introduced. The motion was overruled. At trial, outside the jury's presence, the affidavit was again introduced and objection made, but the objection was not repeated when the contraband was offered after the jury had returned. The court noted the provisions of Article 40.09, Sec. 6(d)(3), supra, and held the objection in the jury's absence was sufficient to preserve error. Actually the fact that there had been a hearing on the motion to suppress was not essential to the holding in *Powers and Dion v. State,* supra.

■  The question we face is whether an oral pre-trial motion to suppress, unsupported by evidence, in which it is asserted by brief argument that there was no probable cause to search is sufficient to support a ground of error relating to search and seizure on appeal when no objection has been subsequently offered at the trial on the merits. We think not, particularly where the argument presented on appeal as to illegality of the search varies from that argued on the motion to suppress. In the instant case appellant told the trial court there was no probable cause to search at the "hearing" on the motion to suppress. No objections were offered at trial on this basis. On appeal appellant contends there was no probable cause for arrest and if there was, the search incident to arrest was broader in scope than permitted by *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

We qualify the holding in *Riojas* to limit it to situations such as in *Graves* and in *Riojas* itself where the hearing on the pre-trial motion to suppress is supported by evidence and the contention presented on appeal is the same as that presented to the trial court at such hearing. No longer will any ruling on any pre-trial motion to suppress be sufficient to preserve error where there is no objection at trial.

Since the error, if any, was not properly preserved, appellant's initial contention is overruled.

Next appellant complains the court erred in permitting Steed's in-court identification as it was tainted by improper and unfair pre-trial police identification procedures.

Just prior to trial the court conducted a separate hearing in the absence of the jury. See *Martinez v. State,* 437 S.W.2d 842 (Tex. Cr.App.1969). Steed testified that at about 9 p. m. the three men came into the small service station office lighted by four fluorescent lights, and that during the course of the robbery he got a good look at both the appellant and his brother, who were less than ten feet away, and a profile view of the third man. He gave a description of the clothing worn, etc. There was a showing that the men had been returned to the service station shortly after arrest where Steed said, "That's them" and "That's the jacket." It was also shown that an hour and a half later Steed was taken to the police station and asked to look through a window to see if he could identify the persons he saw. He stated there were only two men in the other room, one with his back to him and the other was holding his head down. He stated the window was dirty and covered with a wire. He told a policeman, "I can't see them too good right here. I don't know what you want me to look for because I can't see. They don't even hardly look like the two." He explained his last remark as meaning that he couldn't tell for sure. He thus made no identification at the police station. At the conclusion of the hearing, the court ruled that the in-court identification was admissible.

Appellant first complains of the confrontation at the service station immediately after the arrest. Such confrontations have been upheld in a number of cases.

In the past this court has refused to extend the holdings of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), so as to require counsel at, on, or near the scene during confrontation between a suspect and a witness occurring shortly after the commission of a crime, or in other circumstances which necessitate a prompt identification, there being some reasonable elasticity as to time and place. *Piper v. State,* 484 S.W.2d 776 (Tex.Cr.App. 1972); *Cole v. State,* 474 S.W.2d 696 (Tex. Cr.App.1971); *Garcia v. State,* 472 S.W.2d 784 (Tex.Cr.App.1971); *Perryman v. State,* 470 S.W.2d 703 (Tex.Cr.App.1971) (Concurring Opinion). See also *Ellingsworth v. State,* 487 S.W.2d 108 (Tex.Cr.App.1972); *Waffer v. State,* 500 S.W.2d 659 (Tex.Cr. App.1973); *Pilcher v. State,* 503 S.W.2d 547 (Tex.Cr.App.1974).

Further, *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), held that a showup after arrest but before the initiation of any adversary criminal proceeding, unlike the post-indictment confrontations involved in *Gilbert* and *Wade,* is not a criminal prosecution at which the accused, as a matter of absolute right, is entitled to counsel.

It appears to be appellant's contention, not relying upon *Gilbert* and *Wade,* that from the totality of the circumstances the one-on-one confrontation was "so unnecessarily suggestive and conducive to irreparable mistaken identification" that he was denied due process. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Graham v. State,* 422 S.W.2d 922 (Tex.Cr.App.1968).

■ Although identification procedures whereby suspects are viewed singly by a witness rather than a lineup has been widely condemned, *Stovall v. Denno,* supra, due process is not, however, invariably violated by such procedure. See *Biggers v. Tennessee,* 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968). Each case must be considered on its own facts to determine the likelihood that a particular pre-trial confrontation resulted in irreparable misidentification. *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

■ At the confrontation at the service station shortly after arrest, there appears to

be no evidence of suggestiveness. Appellant points to the fact that one officer held up one of the jackets for the complaining witness to see. There does not appear to have been any suggestion on the part of the officer. Certainly under the circumstances when considered in their totality, they were not so unnecessarily suggestive and conducive to irreparable misidentification as to amount to a denial of due process.

Next appellant complains of the "line up" at the police station. While the showing of two of the suspects alone to the alleged victim of a robbery is not to be condoned, the record before us does not establish which two men were in the other room. As a result of the poor viewing conditions, he could not identify anyone. It is not shown that he made a misidentification. If two of the three men were in the other room, there was adequate explanation why he could not identify them. It appears that the witness' in-court identification was based on his independent observations under well lighted conditions during the course of the robbery and were not tainted by other identification procedures.

The judgment is affirmed.

DOUGLAS, Judge (concurring).

The majority of the Court recognizes that it was in error in *Riojas v. State,* 530 S.W.2d 298 (Tex.Cr.App.1975). While the majority is modifying that decision, it should modify it completely by overruling it. When the court overruled the motion to suppress prior to trial in the present case, why was not that motion just as good and sufficient as the motion made in the *Riojas* case? If the majority in the *Riojas* case is correct, the trial court in the present case could have remembered the motion at a trial held later and, when the evidence concerning the arrest and search was adduced, the court could have acted upon the motion. The majority in the *Riojas* case erroneously held in effect that a trial judge must remember a motion to suppress, the evidence adduced thereon and its ruling even though it was not called to his attention during the trial on the merits some ten weeks later.

The majority in *Riojas* held that the motion to suppress was based on a statute. In the present case the motion to suppress was based on the same statute. There is no reason for a different rule.

To make it short, there is no reason for the rule in the *Riojas* case. See the dissenting opinions.

For the above reasons, I concur in the affirmance of the conviction.