**Milton Earl CLAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00529–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1985.

George Whitfield Baugh, San Antonio, for appellant.

Sam Millsap, Jr., Karen Amos, Emil Holiner, Daniel Thornberry, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction following a jury trial for the offense of aggravated robbery with a deadly weapon. The court assessed punishment at fifteen years' imprisonment.

The complainant, Fred Walker, was accosted by two black males. The one who was later identified as the appellant Clay pulled out a knife, and they ordered the complainant into a car. A female co-defendant and another person were in the front of the car. The defendant took three money orders, some cash, a watch, a gold chain and Walker's wallet from him. During this time the female co-defendant was pointing a sawed-off shotgun at Walker. Walker was ultimately released by his captors under a darkened bridge. He was able to find his way to a restaurant where he called the police.

During cross-examination by defense counsel, Walker was asked about a description he had given the police of the defendant and whether or not he had identified the defendant and his female accomplice on a previous occasion. He was specifically asked if he had previously described the defendant as being five foot seven or eight, and having missing front teeth. It was established at trial that the defendant was over six feet tall, and apparently had no missing front teeth.

On a motion to suppress heard out of the presence of the jury, it was established that Walker had previously identified the defendant from an array of five photographs. A xerox copy was made of the array of five photographs. All of the individual photographs were returned to a police department file except the photo of the defendant. The original photos, which were in color, were of individuals of the same race, age group, facial characteristics, and hair style as the defendant. The xerox copy of the photo array, which was in black and white, was offered into evidence by the State. The defense requested the original colored photos, but they were unavailable.

The defendant's first ground of error is that the State's failure to produce the original photos used in the identification array prejudiced his ability to effectively cross-examine the State's witness regarding pretrial identification. The defense attorney was able to cross-examine the complainant on virtually all aspects of the prior identification. He was able to establish the inconsistency in the complainant's recollection of the defendant's height and his teeth. The defense also developed before the jury that some black men have darker pigmentation than others and that the xerox copy of the photos impeded comparison of skin, hair

and eye color. The defense was also permitted to inquire into the time lapse between the offense and the identification, and the complainant's opportunity to view the defendant.

In deciding whether there was a likelihood that a particular pretrial confrontation resulted in irreparable misidentification, each case must be considered on its own facts. *Limuel v. State,* 568 S.W.2d 309, 312 (Tex.Crim.App.1978); *Writt v. State,* 541 S.W.2d 424, 427 (Tex.Crim.App. 1976).

■ Here, the defendant was only deprived of an opportunity to display to the jury the differences, if any, in the shades of color found in the actual pictures used in the original photographic display. There is no standard as to the similarities required of the subjects used in a pretrial identification procedure, only that there not be a likelihood of irreparable misidentification. Even if the other photographs portrayed individuals who apparently had different shades of skin color, that would not by itself render the lineup impermissibly suggestive. *See Garcia v. State,* 563 S.W.2d 925 (Tex.Crim.App.1978) (appellant was several inches taller than the others in the lineup).

The complainant had viewed several hundred other pictures including two previous photo arrays without identifying a suspect. It was not until he was shown an array which contained a picture of the defendant that the complainant made a positive identification.

■ We hold that the totality of the circumstances in the instant case was not unnecessarily suggestive and conducive to irreparable misidentification. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

Ground of error one is overruled.

The defendant next complains that permitting the officer to testify about the photographic identification was impermissible bolstering of the State's complaining witness.

■ As stated above, after the complainant testified on direct, he was cross-examined by the defense attorney as to his opportunity to observe the defendant during the commission of the crime and his inconsistent description of the defendant's height and teeth. Where the defendant impeaches or attempts to impeach the testimony of an identifying witness, the testimony of a third party as to the witness's extra-judicial identification is admissible. *Roney v. State,* 632 S.W.2d 598, 600 (Tex. Crim.App.1982).

The second ground of error is overruled.

■ The defendant's third ground of error relates to the trial court permitting the State to develop testimony concerning an extraneous offense for which the defendant was not on trial. The testimony concerned the fact that the defendant was actually being investigated as a suspect for another robbery. A photograph taken of the defendant in connection with the other robbery was used in the photographic array which connected the defendant to the case at bar. The fact that the defendant was under investigation for another robbery was first established by defense counsel. It was subsequently alluded to in testimony developed by the State without objection. Where a defendant offers the same testimony as that objected to or the same evidence is introduced by the State without objection, the defendant is not in a position to complain on appeal. *Ricondo v. State,* 657 S.W.2d 439, 445 (Tex.App.—San Antonio 1983, no pet.).

The third ground of error is overruled.

■ In his final ground of error the defendant attacks the sufficiency of the evidence. The complainant described the robbery and identified the defendant as one of the individuals that took money orders from him while threatening him with a knife. The defendant admitted cashing the money orders but maintained they had been given to him by a third party in payment for a debt. The jury resolved the disputed facts against the defendant. There is adequate evidence to support the

verdict and judgment, and the ground of error is overruled.

The judgment of conviction is affirmed.