No. 04-98-00033-CR


Frank Louis GACONNET,

Appellant

v.

The STATE of Texas,

Appellee

From the 216th Judicial District Court of Bandera County, Texas

Trial Court No. 3019-97

Honorable Stephen B. Ables, Judge Presiding


Opinion by: Tom Rickhoff, Justice 

Sitting: Tom Rickhoff, Justice

 Paul W. Green, Justice 

 Karen Angelini, Justice 

Delivered and Filed: October 13, 1999

Affirmed

 A jury convicted Frank Louis Gaconnet of indecency with a child and sentenced him to life
in prison. In four points of error Gaconnet disputes the trial court's decisions in admitting his
statement, in not redacting hearsay and extraneous offenses from the statement and in allowing the
jury to hear evidence of remote criminal convictions. We affirm. 

Intoxication

 In his fourth point of error Gaconnet contends the statement he gave should have been
suppressed. Gaconnet moved to suppress on grounds that he was intoxicated at the time he gave the
statement; the trial court denied this motion. At trial, Gaconnet objected to the statement because
it did not comply with Tex. Code Crim. Pro. Ann. art. 38.22 (Vernon 1982); this objection was
overruled. We will take each of these in turn.

 1. Suppression hearing

 In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility
of the witnesses and the weight to be given their testimony. Romero v. State, 800 S.W.2d 539,
543 (Tex. Crim. App. 1990). The trial court may accept or reject any or all of any witness's
testimony. Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993); Allridge v. State, 850
S.W.2d 471, 492 (Tex. Crim. App. 1991). The trial court resolves all conflicts in the testimony. 
Hawkins v. State, 853 S.W.2d 598, 600 (Tex.App.--Amarillo 1993, no pet.) 

 An appellate court must view the evidence in the light most favorable to the trial court's
ruling at the suppression hearing. Upton v. State, 853 S.W.2d 548, 553 (Tex. Crim. App. 1993);
State v. Hamlin, 871 S.W.2d 790, 792 (Tex.App.--Houston [14th Dist.] 1994, pet. ref'd). On
appellate review, the court will normally address only the question of whether the trial court
improperly applied the law to the facts. Romero, 800 S.W.2d at 543. The reviewing court affords
almost total deference to the trial court's determination of historical facts, as well as to the trial
court's rulings on mixed questions of law and fact, when determination of those questions turns
on an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997). 

 It is well-settled that when a pretrial motion to suppress is overruled, the accused need not
subsequently object to admission of the same evidence at trial to preserve error, as long as the
pretrial motion to suppress is supported by evidence and the error presented on appeal is the same
as was presented to the trial court. Writt v. State, 541 S.W.2d 424, 426 (Tex. Crim. App. 1976);
Renfro v. State, 958 S.W.2d 880, 883 (Tex. App.--Texarkana 1997, pet. ref'd). 

 Gaconnet's argument that the trial court erred in not finding that Gaconnet was intoxicated
at the time he gave his statement is a classic credibility contest. Three witnesses were called at
the hearing; two Bandera County sheriff's deputies testified that Gaconnet was not intoxicated at
the time he gave his statement, while Gaconnet testified he was. This is an issue on which we
afford almost total deference to the trial court's determination. Guzman, 955 S.W.2d at 89. We
will not disturb the trial court's finding in this case.

 2. Compliance with the statute

 The State argues that Gaconnet's trial objection, that the statement did not comply with
article 38.22 of the Code of Criminal Procedure, was not sufficiently specific to preserve error.
The argument Gaconnet presents on appeal is a narrow one - that the form on which Gaconnet
acknowledged his rights, and on which he wrote his confession, did not show an affirmative
waiver of those rights. Assuming without deciding that citing article 38.22 was sufficiently
specific to preserve this complaint, we find that Gaconnet's argument fails. 

 Article 38.22 governs admissibility of custodial statements. It requires, among other things,
that the defendant be informed of his rights to remain silent, that any statement he makes may be
used against him in court, that he has a right to a lawyer and the right to have a lawyer appointed if
he cannot afford one, and that he has the right to terminate the interview at any time. Id. at 2(a). The
statute also requires that the face of the statement show that he has "knowingly, intelligently, and
voluntarily waived the rights" enumerated in the previous section. Id. at 2(b). 

 Gaconnet argues that Garcia v. State, 919 S.W.2d 370 (Tex. Crim. App. 1994), prohibits use
of his statement because it does not show on the face of the document that he waived his rights. We
disagree.

 In Garcia, as in the instant case, the form used for the defendant's written statement listed
the requirements of article 38.22, with a place for the defendant's initials to show that he read and
understood these rights; however, the form did not state that the defendant affirmatively waived
those rights. Id. at 379. The court originally found this form failed to comply with the statute. Id.
That, however, was the court's holding on original submission. On rehearing, the court reversed
itself, finding that the form substantially complied with article 38.22. Id. at 386-387. 

 We find that the form at issue in our case is not significantly different from the form in
Garcia's case. Consonant with the holding in that case, then, we find that Gaconnet's statement
was not so flawed that it should have been excluded. We therefore overrule Gaconnet's fourth
point of error.

Evidence

 In his first three points of error Gaconnet complains that the trial court erred in admitting
evidence of other bad acts, either through his statement or through his testimony.

 The statement Gaconnet gave police read as follows:

 My name is Frank Louis Gaconnet. My date of birth is 11-8-57. I am
giving this statement to Deputy Doug Brice under my own free will. I was
promised nothing in return for the information I am about to give.

 In the early morning hours yesterday, 5-26-97, I was at my house. The
house actually belongs to my mother, Monteene, but I live there along with several
other people, one of which is my 10-year-old daughter Heather. I am unsure of the
exact time due to the fact that I was very drunk. I had drunk a lot of beer and
smoked a lot of marijuana that night. Heather was in her cousin's room [Teresa
Skinner]. I called Heather to my room. We laid in bed and talked about my
girlfriend until I passed out. The next thing I remember Heather suddenly got out
of bed and said "I have got to go to the bathroom." I then passed out again. 

 At around 8:30 that same morning I walked into the living room. Joana
Weatherford, who also lives with us, came up to me and said, "Do you know what
you did?" I said "No." She then said, "You put your hands down Heather's
pants." My next words were "Oh my God."

 There is no doubt in my mind that I did what Heather said I did. I am very
upset with what I have done. I broke the trust of my daughter. I saw Heather after
school that afternoon. I ask her "what did I do" to which she replied "You put
your hands down my bathing suit." We then held each other and cried.

 I am ashamed of what I have done. I know I need help. I would like to get
help to find out why I did such a terrible thing to my own daughter. 

 I have read the above statement and it is true to the best of my ability. 

 In his first point of error Gaconnet contends the trial court should not have admitted those
portions of his statement which dealt with his use of marihuana because this constituted an
extraneous offense. He urged the trial court before trial to redact those parts of his statement; the
trial court overruled this objection. 

 We believe evidence of Gaconnet's marihuana use is "same transaction contextual
evidence" necessary to the understanding of the offense. Such evidence is admissible if it meets
two criteria: 1) if it is relevant under Tex. R. Evid. 401; 2) if it should be admitted as an
"exception" to the prohibition against bad character evidence contained in Tex. R. Evid. 404(b).
Mayes v. State, 816 S.W.2d 79, 84-87 (Tex. Crim. App. 1991). Review of the trial court's action
in admitting the evidence is under an abuse of discretion standard. Rogers v. State, 853 S.W.2d
29, 32-33 (Tex. Crim. App. 1993).

 We believe the trial court did not abuse its discretion in not redacting references to
marijuana use. The statement Gaconnet gave law-enforcement officers sought to excuse his
conduct with this sentence: "I am unsure of the exact time, due to the fact that I was very drunk.
I had drunk a lot of beer and smoked a lot of marijuana that night." This shows one exception to
the general rule, where "several crimes are intermixed, or blended with one another, or connected
so that they form an indivisible criminal transaction, and full proof by testimony, whether direct
or circumstantial, of any one of them cannot be given without showing the others." Mayes, 816
S.W.2d at 86-87 n.4; see also Taylor v. State, 420 S.W.2d 601, 605 (Tex. Crim. App. 1967)
(stating that "when the offense is one continuous transaction, or another offense is a part of the
case on trial or blended or closely interwoven therewith, proof of all the facts is proper.")(citations
omitted). We believe that Gaconnet's marihuana use was admissible because it was so intertwined
with the charged incident as to be one continuous transaction. We therefore overrule Gaconnet's
first point of error.

 In his second point of error Gaconnet argues the trial court erred in permitting, within his
statement, the hearsay statement from Joanne Weatherford into evidence. Within the context of
the statement, Gaconnet stated Weatherford told him "[y]ou put your hand down Heather's pants."
When prosecutors read Gaconnet's statement to the jury, he objected to this statement; the trial
court overruled him. 

 The State argues Weatherford's statement to him is admissible because it was not offered
for the truth of the matter asserted. We agree. An extrajudicial statement or writing which is
offered for the purpose of showing what was said, rather than for the truth of the matter stated,
does not constitute hearsay. See Dinkins v. State, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995).
The better analysis may be that Gaconnet's statement represented an adoptive admission of
Weatherford's statement. See Tex. R. Evid. 801(e)(2). In any case, we find that admission of
Weatherford's assertion within the context of Gaconnet's statement is not error and overrule his
second point of error.

 In his third point of error Gaconnet contends the trial court erred in admitting evidence of
his prior felony burglary convictions, which he contends were too remote in time to be admissible.
We believe Gaconnet has waived this complaint. His attorney questioned him about these remote
convictions on direct examination, and he was impeached with evidence of these convictions on
cross-examination. All of this was done without objection. Gaconnet's proper remedy would have
been to object on the proper grounds when the State sought to impeach him using these
convictions. See Perea v. State, 870 S.W.2d 314, 319 (Tex. App.--Tyler 1994, no writ). We
therefore overrule his third point of error and affirm the judgment of the trial court.


 Tom Rickhoff, Justice 

Do Not Publish