# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-99-00384-CR

**Quincy Lee Wray, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
### NO. 99R-029, HONORABLE DAN R. BECK, JUDGE PRESIDING

A jury found appellant Quincy Lee Wray guilty of possessing more than 400 grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (f) (West Supp. 2000). The district court assessed punishment at imprisonment for twenty years. We will affirm.

On February 3, 1999, Fayette County Deputy Sheriff Jeffrey Head received a report that a white Suburban had driven away from a fast-food restaurant/gas station in LaGrange without paying for gasoline. Shortly thereafter, Head saw and stopped a Suburban matching the description of the suspect vehicle. The Suburban was registered to and driven by Wray. Also in the vehicle were Willie Winn, three women, and an infant.[1] Wray told Head that he had mistakenly believed that one

---

[1] Codefendant Winn's appeal is before us in cause number 03-99-00385-CR.

of the women had paid for the gas, and agreed to return to the station. At the gas station, after Wray paid for the gasoline and that matter was considered closed, Head asked Wray for permission to search the Suburban. Wray refused to consent to the search. Head then told Wray that he and the others were free to leave, but that the Suburban was to be detained pending the arrival of a drug-sniffing dog. The dog arrived some time later and alerted on the Suburban. Head left Wray and his companions in the company of other officers while he went to obtain a search warrant. In a subsequent search of the Suburban pursuant to a warrant, marihuana and cocaine were found in the console between the front seats.

In his first point of error, Wray contends the district court erred by overruling his motion to suppress evidence. In the motion, appellant urged that the evidence found during the search of the Suburban was the fruit of an unlawful warrantless detention. Although the motion to suppress was filed prior to trial, it was not presented to the district court for a pretrial ruling. Instead, Wray brought the motion to the court's attention after the testimony of Head and several other witnesses, and it was overruled at that time after brief argument by counsel outside the jury's presence.

A motion to suppress will preserve error in the admission of evidence without further objection at trial if the motion is overruled by the court following a pretrial hearing. *See Writt v. State*, 541 S.W.2d 424, 426 (Tex. Crim. App. 1976). If no pretrial hearing is held on the motion, the defendant must object to the evidence at trial in order to preserve error. *See Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984). To preserve error in the admission of evidence, a trial objection must be timely. *See* Tex. R. App. P. 33.1(a)(1); Tex. R. Evid. 103(a)(1). To be timely, an

2

objection must be made before the evidence is admitted or as soon as the ground for objection becomes apparent. *See Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).

Head and three other officers testified without objection to the stop of the Suburban, the return to the gas station, the detention of the Suburban pending arrival of the drug dog, the dog's alert to the vehicle, the further detention to await the search warrant, the search of the interior of the vehicle, the discovery of marihuana and cocaine in the console, and the positive field test of the cocaine. Only then did Wray's counsel raise the matter of the "previously filed . . . motion to suppress which was not advanced until now . . . ." Reviewing the testimony to that point, counsel urged that Head had no constitutional basis for detaining the Suburban for the purpose of the canine sweep.[2] But having previously permitted Head and the other officers to testify to the discovery of the cocaine and other contraband without objection, counsel's argument was untimely. The court's ruling on the motion to suppress came too late to preserve error. *See Thomas v. State*, 884 S.W.2d 215, 216-17 (Tex. App.—El Paso 1994, pet. ref'd). Point of error one is overruled.

By his second point of error, Wray contends the district court erred by refusing to instruct the jury to disregard the evidence seized during the search if it found that the seizure was unlawful. In any case in which the issue is raised, the jury should be instructed to disregard evidence

---

[2] While a canine sweep does not constitute a search, such a sweep may be performed during an investigative detention only if there is reasonable suspicion of criminal activity to justify that detention. *See Walter v. State*, 997 S.W.2d 853, 858 (Tex. App.—Austin 1999, pet. granted). Wray's contention was and is that Head had no legitimate basis for continuing to detain him after he paid for the gasoline. We express no opinion on the merits of this contention.

that it believes, or has a reasonable doubt, was obtained in violation of the constitution or laws of Texas or of the United States. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2000).

A jury instruction pursuant to article 38.23(a) is required when there are factual disputes as to how the evidence was obtained. *See Bell v. State*, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996); *Thomas v. State*, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986); *Broadnax v. State*, 995 S.W.2d 900, 902 (Tex. App.—Austin 1999, no pet.). When there is no conflicting testimony regarding the relevant facts, the admissibility of the disputed evidence is a question of law and no jury instruction is required. *See Lackey v. State*, 638 S.W.2d 439, 455 (Tex. Crim. App. 1982); *Broadnax*, 995 S.W.2d at 902.

Both Wray and Winn testified, but neither contradicted Officer Head's factual recital in any pertinent respect. In his brief, Wray argues that some of the inferences Head drew from the actions and statements of Wray and Winn were not justified by the record as a whole. This is another way of saying that the circumstances did not support a reasonable suspicion of criminal behavior adequate to support the detention of the Suburban for a canine drug sweep. This is not a factual issue, but a legal one. We hold that there were no factual disputes relevant to the propriety of the seizure of the incriminating evidence and that the district court did not err by refusing the article 38.23 instruction. Point of error two is overruled.

The district court's judgment erroneously states that Wray waived trial by jury and pleaded guilty. The judgment is modified to reflect that Wray was convicted by a jury following a plea of not guilty. As modified, the judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Modified and, as Modified, Affirmed

Filed:   September 21, 2000

Do Not Publish

5