TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00710-CR







Jose Silva, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT


NO. 005606, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING







A jury found that appellant Jose Silva violated a protective order by committing an
assault. See Tex. Pen. Code Ann. § 25.07 (West Supp. 2002). The jury assessed punishment at
imprisonment for nine years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969). As was his right, appellant sought and obtained a copy of the record and filed a
pro se brief.

In his first pro se point of error, appellant contends the district court erred by
overruling his motion to suppress the protective order on the ground that he was without counsel
when the order was issued. The motion to suppress was filed the day trial began. The district court
overruled the motion because, among other things, it was not timely. See Tex. Code Crim. Proc.
Ann. art. 28.01, § 2 (West 1989). Appellant argues that article 28.01 does not apply here because
the right to counsel is constitutionally guaranteed and cannot be deemed waived by an untimely
motion. The motion before the court, however, was not a motion for counsel but a motion to
suppress evidence. A motion to suppress filed on the day trial begins is not timely and the trial court
does not err in denying the motion. Writt v. State, 541 S.W.2d 424, 425-26 (Tex. Crim. App. 1976). 
Point of error one is overruled.

Appellant's second point asserts "official misconduct by the court by failing to
impeach [the complaining] witness for perjury." He refers us to the complainant's testimony
acknowledging that she was untruthful in her initial statements to doctors and police regarding how
she sustained her injuries. This does not mean that her trial testimony was perjury. We also
understand appellant to argue that the complainant committed perjury at the protective order hearing,
a matter that is not before us. In any event, appellant's assertions that the complainant did not tell
the truth under oath are not self-proving. Finding no basis for concluding that the trial court
condoned perjury, we overrule point two.

Next, appellant urges that the evidence is legally insufficient because the State did
not introduce physical evidence, such as fingerprints or DNA, to prove he was present at the alleged
assault, but instead relied only on witness testimony. The complainant testified that appellant
concealed himself in her car, that he emerged from the trunk area of the car as she was driving and
began to strangle her, that she managed to leave the highway and stop at a gas station, and that after
a struggle she succeeded in escaping. Based on this testimony, a rational trier of fact could find
beyond a reasonable doubt that appellant committed an assault which was, under the other
circumstances shown, an act of family violence that violated a protective order. Point of error three
is overruled.

Finally, appellant complains that his trial counsel was ineffective because he did not:
investigate the facts or the law, interview the State's witnesses, adequately cross-examine the State's
witnesses, object to testimony by witnesses not on the State's witness list, properly impeach the
complaining witness, object to the complainant's perjury, or ask for a dismissal of the charges in
light of the complainant's perjury. Several of these complaints assert facts not shown by the record. 
Moreover, the record does not reveal counsel's trial strategy with regard to the acts or omissions of
which appellant complains. In the absence of such a record, appellant cannot in this direct appeal
overcome the strong presumption that his trial counsel's strategy was reasonable from counsel's
perspective at trial. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Point of
error four is overruled.

We have reviewed the record in light of counsel's brief and appellant's pro se brief. 
We find nothing in the record that might arguably support the appeal.


The judgment of conviction is affirmed.



 

 Mack Kidd, Justice


Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: November 7, 2002

Do Not Publish