# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00710-CR

**Jose Silva, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 005606, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING

A jury found that appellant Jose Silva violated a protective order by committing an assault. *See* Tex. Pen. Code Ann. ' 25.07 (West Supp. 2002). The jury assessed punishment at imprisonment for nine years.

Appellant=s court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As was his right, appellant sought and obtained a copy of the record and filed a pro se brief.

In his first pro se point of error, appellant contends the district court erred by overruling his motion to suppress the protective order on the ground that he was without counsel when the order was issued. The motion to suppress was filed the day trial began. The district court overruled the motion because, among other things, it was not timely. *See* Tex. Code Crim. Proc. Ann. art. 28.01, ' 2 (West 1989). Appellant argues that article 28.01 does not apply here because the right to counsel is constitutionally guaranteed and cannot be deemed waived by an untimely motion. The motion before the court, however, was not a motion for counsel but a motion to suppress evidence. A motion to suppress filed on the day trial begins is not timely and the trial court does not err in denying the motion. *Writt v. State*, 541 S.W.2d 424, 425-26 (Tex. Crim. App. 1976). Point of error one is overruled.

Appellant=s second point asserts Aofficial misconduct by the court by failing to impeach [the complaining] witness for perjury.@ He refers us to the complainant=s testimony acknowledging that she was untruthful in her initial statements to doctors and police regarding how she sustained her injuries. This does not mean that her trial testimony was perjury. We also understand appellant to argue that the complainant committed perjury at the protective order hearing, a matter that is not before us. In any event, appellant=s assertions that the complainant did not tell the truth under oath are not self-proving. Finding no basis for concluding that the trial court condoned perjury, we overrule point two.

Next, appellant urges that the evidence is legally insufficient because the State did not introduce physical evidence, such as fingerprints or DNA, to prove he was present at the alleged assault, but instead relied only on witness testimony. The complainant testified that appellant concealed himself in her car, that he emerged from the trunk area of the car as she was driving and began to strangle her, that she managed to leave the highway and stop at a gas station, and that after a struggle she succeeded in escaping. Based on this testimony, a rational trier of fact could find beyond a reasonable doubt that appellant committed an assault which was, under the other circumstances shown, an act of family violence that violated a protective order. Point of error three is overruled.

Finally, appellant complains that his trial counsel was ineffective because he did not: investigate the facts or the law, interview the State=s witnesses, adequately cross-examine the State=s witnesses, object to testimony by witnesses not on the State=s witness list, properly impeach the complaining witness, object to the complainant=s perjury, or ask for a dismissal of the charges in light of the complainant=s perjury. Several of these complaints assert facts not shown by the record. Moreover, the record does not reveal counsel=s trial strategy with regard to the acts or omissions of which appellant complains. In the absence of such a record, appellant cannot in this direct appeal overcome the strong presumption that his trial counsel=s strategy was reasonable from counsel=s perspective at trial. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Point of error four is overruled.

We have reviewed the record in light of counsel=s brief and appellant=s pro se brief. We find nothing in the record that might arguably support the appeal.

The judgment of conviction is affirmed.


Mack Kidd, Justice


Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   November 7, 2002

Do Not Publish