Opinion Issued April 14, 2005










     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01349-CR




ISADORE DEE HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 922135
 

MEMORANDUM OPINION
          A jury found appellant, Isadore Dee Harris, guilty of aggravated robbery and
assessed punishment at 18 years in prison. We determine whether the trial court
violated appellant’s constitutional rights by denying his motion for mistrial and by
allowing an in-court identification of appellant. We affirm. 
Background
          On August 24, 2002, appellant entered a General Nutrition Center (“GNC”)
store at about 2:00 p.m. Appellant discussed some products with the clerk, who then
walked to the front of the store to ring up appellant’s purchases. As the clerk told
appellant his total, appellant pointed a gun at him and demanded the money from the
cash register and some of the store’s products. Appellant then led the clerk to the
back of the store and instructed him to remain there until appellant was gone. After
appellant had left the store, the clerk activated the store’s alarm. Officer C.P.
Campbell arrived between five and 10 minutes later. 
          When Officer Campbell arrived, the store clerk gave his description of the
robber. Officer Campbell also interviewed the manager of a store next door to GNC,
who stated that he had noticed a suspicious man enter and leave GNC. The manager
noted that the man had donned a sweatshirt and hat before entering GNC and that he
later sped away in a silver Mitsubishi. Officer Campbell broadcast the description of
the robber and the getaway vehicle to police officers in the area. 
          Officer Pete Morales heard the broadcasted description of the robbery suspect
and began looking for a person or vehicle matching the description. Shortly
thereafter, Officer Morales located a silver Mitsubishi matching the description of the
getaway vehicle at an apartment complex. While conducting surveillance on the
vehicle, Office Morales noticed appellant and another man come down the stairs of
the apartment building and get into a car parked next to the suspect vehicle. Noting
that appellant fit the description of the robbery suspect, Officer Morales took
appellant into custody and drove him to the GNC where the robbery had occurred. 
When appellant and the officer reached the GNC store, the store clerk and the
manager of the store next door were given separate opportunities to identify
appellant. Both the store clerk at GNC and the manager of the store next door
positively identified appellant as the robber. 
          After appellant was arrested, police officers took him back to his apartment
complex, where he signed a consent to search his home. During the search of
appellant’s home, officers found a trash can lid and some clothing. The trash can lid
fit a trash can located outside the door of the apartment. Inside the trash can, officers
found a handgun, nutritional supplements of the type sold at GNC, and a visor. 
Motion for Mistrial
          In his first point of error, appellant contends that his state and federal
constitutional rights were violated when the trial court denied his motion for mistrial
based on a police officer’s testimony regarding extraneous-offense evidence.
          During trial, Officer Morales was called as a witness for the State. During his
testimony, the prosecutor asked Officer Morales questions regarding the search of
appellant’s apartment.


 In response, Officer Morales described several items
recovered from inside appellant’s apartment. When asked what additional items he
had found, Officer Morales stated that he had found a hooded sweatshirt and added
that the article of clothing “was used in possible other robbery [sic] in the area.” 
After defense counsel objected, the trial court sustained the objection and instructed
the jury to disregard Officer Morales’s statement. However, the trial court denied
defense counsel’s request for a mistrial. 
                                                   A trial court’s denial of a motion for mistrial is reviewed under an abuse-of-discretion standard. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). It is
well settled that testimony referring to or implying extraneous offenses can be
rendered harmless by an instruction to disregard by the trial court, unless it appears
that the statement was so clearly calculated to inflame the minds of the jury and is of
such damaging character as to suggest the impossibility of removing the harmful
impression from the jury’s mind. Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim.
App. 1992). Except in extreme cases, an improper response is cured if a timely
objection to the remark is sustained and the trial court instructs the jury to disregard. 
Alanis v. State, 891 S.W.2d 737, 742 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d). 
          Although improper, Officer Morales’s testimony was not an extreme case
incapable of cure by an instruction to disregard. See Harris v. State, 790 S.W.2d 568,
584 (Tex. Crim. App. 1989) (holding that instruction to disregard cured error
regarding extraneous robbery); Alanis, 891 S.W.2d at 742 (holding that prompt
instruction to disregard cured reference to appellant’s outstanding arrest warrant);
Long v. State, 820 S.W.2d 888, 894 (Tex. App.—Houston [1st Dist.] 1991, pet. ref’d)
(holding that reference to another murder was not so extreme that instruction to
disregard could not cure). Nothing in the record suggests that the prosecutor or the
witness intended to inflame the minds of the jurors; nor was there anything to suggest
that the brief reference to possible extraneous robberies was of such damaging
character that it would be impossible to remove the harmful impression, if any, left
on the jurors’ minds. 
          Therefore, we conclude that the trial court’s instruction to disregard cured any
error resulting from the officer’s testimony regarding the possible extraneous
robberies. See Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987)
(holding that reviewing court must presume that jury will obey instruction to
disregard). We overrule appellant’s first point of error. 
In-Court Identification
          In his second point of error, appellant contends that his state and federal
constitutional rights were violated when the trial court denied his motion to suppress
because he was subjected to an impermissibly suggestive lineup at the scene of the
robbery that tainted appellant’s in-court identification. 
          To sustain a challenge to an in-court identification, a defendant must prove by
clear and convincing evidence that the identification was tainted by improper pretrial
identification procedures. Delk v. State, 855 S.W.2d 700, 706 (Tex. Crim. App.
1993); Escovedo v. State, 902 S.W.2d 109, 116 (Tex. App.—Houston [1st Dist.]
1995, pet. ref’d). We apply a two-step analysis to determine the admissibility of an
in-court identification. Delk, 855 S.W.2d at 706; Escovedo, 902 S.W.2d at 116.. 
First, we determine if the pretrial identification procedure was impermissibly
suggestive. Delk, 855 S.W.2d at 706; Escovedo, 902 S.W.2d at 116. Second, if the
procedure was impermissibly suggestive, we determine whether there was a
substantial likelihood of irreparable misidentification. Delk, 855 S.W.2d at 706;
Escovedo, 902 S.W.2d at 116. We will not reverse the trial court’s decision unless
a clear abuse of discretion is shown. Allridge v. State, 850 S.W.2d 471, 492 (Tex.
Crim. App. 1991); Escovedo, 902 S.W.2d at 116.
            Appellant contends that his identification at the scene of the robbery was
improper because a criminal suspect cannot be subjected to such an identification in
the absence of counsel. Contrary to appellant’s contention, the right to counsel does
not attach until a prosecution has commenced, that is, at or after the initiation of
adversary judicial criminal proceedings—whether by way of formal charge,
preliminary hearing, indictment, information, or arraignment. See Texas v. Cobb, 532
U.S. 162, 167-69, 121 S. Ct. 1335, 1340 (2001). In the case at bar, prosecution had
not commenced when appellant was subjected to identification at the scene of the
robbery, and, thus appellant’s right to counsel was not violated.
          Appellant also contends that he was subjected to an impermissibly suggestive
lineup when he was brought back to the scene of the robbery alone and offered
separately for identification by the two witnesses. The test for determining whether
a single show-up identification was unnecessarily suggestive and subject to
irreparable misidentification is based on the totality of the circumstances. Neil v.
Biggers, 409 U.S. 188, 198-99, 93 S. Ct. 375, 381-82 (1972); Stovall v. Denno, 388
U.S. 293, 302, 87 S. Ct. 1967, 1972 (1967). In reviewing the totality of the
circumstances, appellate courts look to several factors, including (1) the witness’s
opportunity to view the criminal at the time of the crime; (2) the witness’s degree of
attention; (3) the accuracy of the witness’s prior description of the criminal; (4) the
level of certainty demonstrated by the witness at the confrontation; and (5) the length
of time between the crime and confrontation. Manson v. Brathwaite, 432 U.S. 98,
114, 97 S. Ct. 2243, 2253 (1977).
          After appellant was driven back to the store where the robbery occurred, the
GNC store clerk and the manager of the neighboring store were given separate
opportunities to view appellant for identification. Neither witness was told that the
suspect was in fact the robber he had seen previously. Although appellant was the
only suspect present for identification, the identification took place shortly after the
offense occurred, approximately one hour and 20 minutes after the robbery. The
police were still combing the area attempting to locate the robber. See Writt v. State,
541 S.W.2d 424, 427 (Tex. Crim. App. 1976) (holding that, although suggestive,
identification procedures whereby suspects are viewed singly by a witness rather than
by lineup, are not unduly suggestive in circumstances which necessitate prompt
identification). Both the GNC store clerk and the manager had ample opportunity to
view appellant during the robbery; the store clerk was face to face with the robber for
five to 10 minutes, and the manager next door saw the robber entering and leaving the
store. Furthermore, after the GNC store alarm sounded, the manager wrote down his
observations of the man’s height, weight, complexion, facial structure, clothing, and
getaway vehicle, indicating a high degree of attention to the suspect. Both the store
clerk and manager were positive that appellant was the man whom they had seen
earlier during the robbery. 
          Under the totality of the circumstances, we cannot say that the trial court
abused its discretion if it concluded that appellant’s identification was not
unnecessarily suggestive or subject to irreparable misidentification. Accordingly, we
further hold that the trial court did not abuse its discretion in overruling appellant’s
motion to suppress.
          We overrule appellant’s second point of error. 
 
 
 
 
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court. 
 
 
 
 
 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).